IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAQUINTON KEO SUMMERVILLE, AIS #226353, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-398-MHT ) |
| TONY TEMPLE, et al., | ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Laquinton Keo Summerville, a state inmate currently incarcerated at the Kilby Correctional Facility. In this complaint, Summerville challenges the constitutionality of force used against him in October of 2019 during his incarceration at the Bibb Correctional Facility. Doc. 1 at 2–3. He names correctional officials employed at Bibb as defendants in this case. Doc. 1 at 2.

Upon review of the complaint and in light of the claims presented therein, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

---

[1] Upon initiation of this civil action, Summerville filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought."  28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (Providing federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]").

The Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Summerville complains occurred in the Northern District of Alabama.  Moreover, the complaint indicates that the individuals listed as defendants reside in the Northern District of Alabama.  Under these circumstances, the claims asserted by Summerville are beyond

the venue of this court. However, it is clear from the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court finds that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **June 30, 2020**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the

---

[2]In transferring this case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of June, 2020.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE